# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BILLY RAY MASON,<br><br>    Defendant. | Case No. CIV-16-195-RAW<br>(Underlying Case No. CR-09-100-RAW) |

## ORDER

On January 26, 2010, Petitioner pled guilty to count one of the Indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1). On November 9, 2010, Petitioner was classified an Armed Career Criminal (hereinafter "ACC") and sentenced to 188 months in the custody of the Bureau of Prisons. The Judgment was entered on November 15, 2010. Now before the court is Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence filed May 12, 2016 [Docket No. 1]. The Government filed a response to the motion, requesting that the court deny relief or alternatively order an updated PSR be completed in preparation for resentencing.

Petitioner raises one ground for relief. Under the recent Supreme Court holding in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), the residual clause of the Armed Career Criminal Act (hereinafter "ACCA") is unconstitutionally vague.[1] Petitioner argues that under

---

[1] The residual clause was at 18 U.S.C. § 924(e)(2)(B)(iii).

Johnson, his sentence should be vacated and modified to time served. Petitioner's motion is timely[2].

The Presentence Report classified Petitioner as an ACC, finding that he had the following three previous convictions of either a violent felony or serious drug offense: (1) assault and battery with a dangerous weapon; (2) larceny from a person; and (3) a three-count case with the first two counts being assault and battery on a police officer and the third being possession of a controlled drug with intent to distribute.

Petitioner argues and the Government agrees that pursuant to the recent Supreme Court decision in Johnson, his larceny conviction could not be used as an ACCA predicate offense. Petitioner argues that without the larceny conviction, he does not qualify as an ACC. The Government does not agree, arguing that the three-count case qualifies as two separate convictions – one for assault and battery on a police officer, the other for possession of a controlled drug with intent to distribute. There is no question that Petitioner's conviction for possession of a controlled drug with intent to distribute qualifies as an ACCA predicate offense. The two questions before the court then are: (1) whether Petitioner's convictions in the three-

---

[2] A one-year period of limitation applies to habeas motions. 28 U.S.C. § 2255; United States v. Ramos, 150 Fed.Appx. 752, 753 (10th Cir. 2005). The limitation period runs from the latest of:
> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by a governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Section 2255(f)(3) applies in this case. The Supreme Court in Johnson announced a new substantive rule of constitutional law. The new rule states that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson, 135 S.Ct. at 2563. Johnson is retroactive. Welch v. United States, 136 S.Ct. 1257 (2016). Johnson was decided on June 26, 2015. Petitioner filed this motion within one year of the decision.

2

count case can be separated to count as two ACCA predicate offenses; and (2) whether Petitioner's conviction for assault and battery on a police officer in violation of 21 OKLA. STAT. § 649(B) qualifies as an ACCA predicate offense under the elements clause, 18 U.S.C. § 924(e)(2)(B)(i), using a modified categorical approach.

**Single Criminal Episode Rule**

A person who violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or a serious drug offense or both, "*committed on occasions different from one another*," may be subject to an enhanced penalty. 18 U.S.C. § 924(e)(1) (emphasis added). The Tenth Circuit has stated that like the Fourth, Fifth, Sixth, Eighth and Ninth Circuits it follows the "single criminal episode" rule, under which violent felonies and drug offenses "committed at distinct, different times are separate predicate offenses for purposes of section 924(e) . . . even if committed within hours of each other, similar in nature, and consolidated for trial or sentencing." United States v. Johnson, 130 F.3d 1420, 1430-31 (10th Cir. 1997). In that case, the Court found that three drug convictions, while similar in nature and within days of each other, were distinct in time and qualified as separate predicate offenses under section 924(e).

Similarly, in United States v. Tisdale, 921 F.2d 1095 (10th Cir. 1990), the Court found separate predicate offenses where a defendant broke into a shopping mall and burglarized two private businesses and a post office. Again, while the convictions were similar in nature and even though they occurred on the same day, they were distinct in time. The Court reasoned that at the completion of each successful burglary, he made the choice to burglarize another business. Id. at 1099. In United States v. Michel, 446 F.3d 1122 (10th Cir. 2006), the Court found separate predicate offenses under the following circumstances:

> On April 13, 1996, Mr. Michel was stopped by the police for a minor traffic violation. When the officer approached his car and spoke with him, Mr. Michel pulled out a gun, pointed it at the officer, and then fled the scene in his car. The officer gave chase but lost Mr. Michel for a short period of time. Mr. Michel subsequently drove to a convenience store, ran in, grabbed the cashier by the neck, and demanded she give him all her money. When she did not immediately comply, he drew his gun and put it to her chest, again demanding that she give him all her money. Despite the cashier's protests that she did not have any money, Mr. Michel tried to open the cash register.
>
> At this point, the police officer who had initially stopped Mr. Michel, accompanied now by backup, observed Mr. Michel's car in the convenience store parking lot. The officers entered the lot and exited their vehicles. Mr. Michel fled the store, got into his car, and drove off. One of the officers gave chase. A second officer who was in the vicinity and heard on his radio that Mr. Michel had drawn a gun on an officer, started driving toward the convenience store to see if he could assist. As he approached the store, Mr. Michel's car came out of an alley and headed toward his vehicle. Mr. Michel crossed the center line of the street and hit the officer head on.

Id. at 1133-34. For the events that happened on April 13, 1996, Mr. Michel was charged and pled guilty to aggravated assault for pulling a gun on the first officer, attempted robbery, and aggravated assault for driving into the second officer. The Court concluded that while these events occurred within a short period of time, after he assaulted the first officer, Mr. Michel made the choice to move on to the attempted robbery and then chose to move on to another assault.

The Fourth Circuit has listed the following factors for determining whether multiple offenses arose out of a separate episode for purposes of the ACCA: (1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) after the defendant committed the first-in-time offense, did the defendant have the opportunity to make a conscious and knowing decision to engage in the next-in-time offense. United States v. Leeson, 453 F.3d 631, 640 (4th Cir. 2006). In that case, the Court found two separate predicate offenses where the defendant attempted to shoot an officer responding to his aggravated robbery of the Food-a-Rama.

4

The facts of Petitioner's three-count case are as follows:

On April 14, 2005, an officer with the Tulsa Police Department attempted to conduct a traffic stop on a vehicle driven by the defendant for speeding. As the officer exited his patrol unit to make contact with the vehicle, the defendant fled the scene at a high rate of speed. After a pursuit ensued, the defendant eventually crashed the vehicle and fled on foot. He was apprehended a short time later. After being transported to the police department, the defendant became combative, kicking two officers. Within the vehicle that was driven by the defendant, officers discovered a quantity of methamphetamine, which the defendant possessed with the intent to distribute, and paraphernalia, to wit: glass smoking pipes.

Presentence Report, p. 7.[3] Petitioner's convictions for assault and battery on a police officer and possession of a controlled drug with intent to distribute were: (1) committed in different geographic locations; (2) substantively different in nature; (3) involved different victims; and (4) involved different criminal objectives. Additionally, after committing the crime of possession of a controlled drug with intent to distribute, Petitioner made a conscious and knowing decision to commit assault and battery on two police officers. Accordingly, these crimes were committed at distinct, different times and are separate predicate offenses for purposes of section 924(e).

**Modified Categorical Approach**

The question now before the court is whether a conviction for assault and battery on a police officer in violation of 21 OKLA. STAT. § 649(B) qualifies as a predicate offense under the elements clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i). The ACCA defines the term "violent felony" to include any crime punishable by imprisonment for a term exceeding one year that "has an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

---

[3] In determining whether a defendant's convictions are separate predicate offenses under the ACCA, "[a]bsent an objection to the PSR, the district court may accept any undisputed portion of the presentence report as a finding of fact." United States v. Delossantos, 680 F.3d 1217, 1219 n. 1 (10th Cir. 2012).

The criminal statute Petitioner was convicted under makes it a crime for a "person who, without justifiable excusable cause knowingly commits *battery* <u>or</u> *assault and battery* upon the person of a police officer . . . while the officer is in the performance of his or her duties." 21 OKLA. STAT. § 649(B) (emphasis added). By the plain language, it is clear there is more than one way to violate this statute – either by battery alone or by assault and battery. While battery alone does not qualify as a violent felony under the ACCA,[4] assault and battery may. "Assault and battery" includes the term "assault," the definition of which is "any willful and unlawful attempt or offer with force or violence to do a corporal hurt to another." 21 OKLA. STAT. § 641. "Corporal hurt" is not defined in the statute; thus, it is given its common ordinary meaning. The definition of "corporal" is "of, relating to, or affecting the body," and "hurt" is "to cause pain or injury."[5] Therefore, the plain language of an "assault and battery on a police officer" has an element the use, attempted use, or threatened use of physical force against the person of another.

When a statute is divisible, that is, it sets out one or more elements of the offense in the alternative, one or more of which would qualify as a violent felony and one or more of which would not, the court may employ a modified categorical approach. <u>Descamps v. United States</u>, 133 S.Ct. 2276, 2281-85 (2013). Using the modified categorical approach, the court may look to the charging documents to determine which alternative formed the basis of the prior conviction. <u>Id.</u> In the three-count case against Petitioner, it was charged that he:

> did commit the crime of ASSAULT AND BATTERY UPON A POLICE OFFICER, a felony, by unlawfully, feloniously, willfully, and without justifiable or excusable cause, knowingly commit an assault and battery upon the person of one [ROBERT ROHLOFF in Count One] and one [DALE WHITE in Count Two] a police officer for the City of

---

[4] Battery is defined as "any willful and unlawful use of force or violence upon the person of another," 21 OKLA. STAT. § 642. Nevertheless, Oklahoma courts have held that "only the slightest touching is necessary to constitute the 'force or violence' element of battery." <u>Steele v. State</u>, 778 P.2d 929, 931 (Okla. Crim. App. 1989).
[5] http://www.merriam-webster.com.

Tulsa by kicking and contending with him while he was then and there engaged in the performance of his duties as a police officer.

Petitioner was charged with "assault and battery upon a police officer . . . by kicking . . . ." This is a crime that "has an element the use, attempted use, or threatened use of physical force against the person of another." Accordingly, the court finds that using a modified categorical approach, Petitioner's conviction for assault and battery on a police officer in violation of 21 OKLA. STAT. § 649(B) does in fact qualify as an ACCA predicate offense under 18 U.S.C. § 924(e)(2)(B)(i).

**Conclusion**

Defendant's § 2255 motion [Docket No. 1] is hereby DENIED. The court hereby directs the United States Probation Office to amend the Presentence Report to reflect the ACCA predicate offenses described herein. Because Petitioner's predicate offenses for ACCA enhancement are different than those used at his previous sentencing, this case will be set for resentencing.[6]

**IT IS SO ORDERED** this 25th day of October, 2016.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**

---

[6] Judgment in this action will be entered after the completion of Petitioner's resentencing hearing.